IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE LUNA, as Administratrix of the Estate of ) <br> Charles Jason Toll, deceased, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ) <br> ) <br> RICKY J. BELL, Warden of Riverbend Prison; ) <br> BRANDON JACKSON, Correctional Officer; ) <br> CORPORAL SEAN STEWART; ) <br> GAELAN DOSS, Correctional Officer; ) <br> DARRELL FREEMAN, Correctional Officer; ) <br> BRUCE BISHOP, JR., Correctional Officer; ) <br> WILLIAM AMONETTE, Correctional Officer; ) <br> JOSHUA MILLS, Correctional Officer; ) <br> CAPTAIN JAMES HORTON, and ) <br> JEFFREY RECKART, Correctional Officer, ) <br> all individually, ) <br> ) <br> Defendants. ) | CASE: 3:11-0093 <br> JURY DEMAND <br> Judge Nixon <br> Magistrate Judge Knowles |

## AGREED PROTECTIVE ORDER

It appearing to the Court that the records of the Tennessee Department of Correction's Internal Affairs Investigative Report, Number SUB 10-075 regarding the death of inmate Charles Toll, #250575, and Internal Affairs Investigative Report, Number SUB 11-002, regarding incidents with inmates William Hayden, #349287, Ryan Honeycutt, #329275, and Todd White, #123482, are protected as confidential pursuant to Tenn. Code Ann. §§ 10-7-504 and 37-2-408 and should be subject to a Protective Order,

It is **ORDERED** that said information shall be made available to plaintiff subject to the following terms and conditions:

1. All such confidential documents shall be used only for the purpose of the proceedings associated with the above-captioned cause and shall not be disclosed to any person except:

   a. Counsel of record for any party, including associated or internal counsel, and the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action;

   b. Parties to the litigation;

   c. Independent experts or consultants employed by counsel for the purpose of assisting counsel in this action;

   d. Witnesses in preparation of litigation;

   e. Witnesses and court reporters at any deposition, pretrial hearing, trial or other proceedings held in connection with this action;

   f. Any court or appellate body which has cause to consider any of the issues raised in this action;

   g. Any other person only upon written stipulation of the parties; and

   h. Any other person or entity to whom the Court determines disclosure is appropriate.

2. Any person receiving confidential materials pursuant to this protective order shall keep them separate and inaccessible and shall not reveal or discuss such materials to or with any person not entitled to disclosure. The plaintiff shall provide a copy of this Order to any person to whom the claimant provides this confidential information.

3. Any confidential materials obtained through this protective order used in

connection with depositions, interrogatories, requests for production, requests for admissions, motions, or any other pretrial matter, if submitted to the Court, shall be filed and maintained under seal by the Court's clerk.

    4.  The inadvertent production of Confidential Information in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not be deemed to waive whatever privilege that would otherwise attach to the document or information produced or to other documents or information, as long as the production party promptly, after discovery of the inadvertent production, notifies the other party or parties of the claim or privilege or other protection or immunity. Upon such notice, the other party or parties shall return the inadvertent production under seal, which shall not be opened until such time as the parties have the opportunity to meet and confer as to the privileged nature of the production.

    5.  Upon termination of this action, including any appeals, all copies of confidential materials obtained through this order shall either be returned to the defendants' counsel or shall be destroyed by the party in possession of same, including persons to whom the plaintiff provided this confidential information. The plaintiff shall verify that all persons to whom the plaintiff provided this confidential information either returns it to defendant's counsel or destroys it.

 It is so **ORDERED**.

 Dated this ___ day of _____, 2011.

                _____
                E. CLIFTON KNOWLES
                U. S. Magistrate Judge