IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE LUNA,<br>as Administratrix of the Estate of,<br>Charles Jason Toll, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>RICKY J. BELL, et al.,<br><br>    Defendants. | No. 3:11-cv-00093<br>Judge Nixon<br>Magistrate Judge Knowles<br><br>JURY DEMAND |

## ORDER

Pending before the Court is Plaintiff Jane Luna's Motion for a New Trial ("Motion"). (Doc. No. 168.) For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

### I. BACKGROUND

On February 2, 2011, Plaintiff—the mother of Charles Toll, deceased—brought this action as the Administratrix of Mr. Toll's estate against Defendants Correctional Officers Brandon Jackson, Gaelan Doss, Darrell Freeman, Bruce Bishop, Jr., William Amonette, Joshua Mills, Jeffrey Reckart, Corporal Sean Stewart, and Captain James Horton in their individual capacities, and Defendant Ricky J. Bell in his official capacity as the Warden of Riverbend Maximum Security Institution ("Riverbend"). (Doc. No. 1.) Plaintiff alleged claims on Mr. Toll's behalf pursuant to 42 U.S.C. § 1983, for excessive use of force in violation of Mr. Toll's Fifth, Eighth, and Fourteenth Amendment rights. (*Id.* at 9–15.) On motions of the parties, the Court dismissed Defendants Jackson, Stewart, Freeman. Bishop, Amonette, Mills, and Reckart from this action. (*See* Doc. Nos. 50; 152.) The Court held a jury trial from August 13, 2013, to August 23, 2013. At the conclusion of the trial, the jury delivered a verdict in favor of Defendants Bell, Doss, and Horton on all counts. (Doc. Nos. 157; 160–61.)

1

On September 18, 2013, Plaintiff filed the instant Motion (Doc. No. 168) with a Memorandum in Support (Doc. No. 169). On September 27, 2013, Defendant filed a Response. (Doc. No. 171.)

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(a), a new trial may be granted in an action in which there has been a trial by jury "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Generally courts have interpreted this language to mean that a new trial is warranted when a jury has reached a 'seriously erroneous result' as evidenced by: (1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Holmes v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996).

In considering whether a verdict is against the weight of the evidence, a trial court "must compare the opposing proofs and weigh the evidence, and it is the duty of the judge to set aside the verdict and grant a new trial, if he is of the opinion that the verdict is against the clear weight of the evidence." *Bruner v. Dunaway*, 684 F.2d 422, 425 (6th Cir. 1982) (quoting *TCP Indus. Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981) (internal citations omitted)). However, "it is not within the Court's discretion to reweigh the evidence and grant a new trial because it would have made different conclusions. The standard is whether there has been a miscarriage of justice." *Mitchell v. Morgan*, 844 F. Supp. 398, 401 (M.D. Tenn. 1994) (internal citation omitted). "On a motion for a new trial, the essential question is whether the alleged error rendered the proceeding unfair." *Kelly v. Wehrum*, No. 98-3172, 1999 WL 455327, at *4 (6th Cir. June 23, 1999). "A trial court should deny a motion for a new trial 'if the verdict is one that

2

reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact.'" *Powers v. Bayliner Marine Corp.*, 83 F.3d 789, 796 (6th Cir. 1996) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994), *cert. denied*, 514 U.S. 1127 (1995)).

**III.   ANALYSIS**

In the instant Motion, Plaintiff requests, pursuant to Federal Rule of Civil Procedure 59(a), that the Court grant her a new trial. Plaintiff argues that she should be granted a new trial based on reversible error from the Court's omission of an instruction to the jury on excessive force and the issuance of confusing, misleading or prejudicial instructions to the jury regarding (1) Defendant Bell's alleged failure to train corrections officers, (2) the appropriate amount of deference to the judgment of prison officials, and (3) defendants being sued as individuals. (Doc. No. 169 at 2.)

*A. Omission of Excessive Force Instruction*

Plaintiff first argues that the Court's omission of her requested instruction regarding excessive force as it relates to substantial or significant pressure that creates asphyxiating conditions amounted to reversible error. (Doc. No. 169 at 2–7.)

The refusal of a district court to give a jury instruction constitutes reversible error if: "(1) the omitted instructions are a correct statement of the law; (2) the instruction is not substantially covered by other delivered charges; and (3) the failure to give the instruction impairs the requesting party's theory of the case." *Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997) (citing *Cox v. Treadway*, 75 F.3d 230, 237 (6th Cir. 1996)). "It is only when the instructions given, viewed as a whole, are misleading, that a reversal of judgment is warranted."
3

*Sutkiewicz*, 110 F.3d at 352 (citing *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71, 72–73 (6th Cir. 1990)).

Here, Plaintiff's requested instruction is as follows: "The use of 'substantial or significant pressure' that creates asphyxiating conditions in order to restrain a subject who does not pose a material danger is clearly established to be excessive force in violation of the Constitution." Plaintiff drafted the requested instruction from language in *Martin v. City of Broadview Heights*, 721 F.3d 951 (6th Cir. 2013) (citing *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893 (6th Cir. 2004)). Those cases, however, dealt only with the standard for excessive force in violation of the Fourth Amendment, whereas the excessive force alleged in this case was raised under the Eighth Amendment. To establish a violation of a person's Fourth Amendment right against excessive force, a plaintiff need only prove an officer's actions were not "objectively reasonable in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). By contrast, to prove an Eighth Amendment violation for excessive force, a plaintiff must meet the objective standard as well as satisfy a subjective component that "focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

Because Plaintiff's instruction omits the subjective component necessary to prove excessive force under the Eighth Amendment, the Court finds this instruction is not a correct statement of the applicable law at issue in this case. Further, inclusion of this instruction would likely mislead and confuse the jury as to whether they were required to find the subjective component was met in order to find Mr. Toll's Eighth Amendment right against excessive force was violated. Accordingly, the Court finds no reversible error in omitting this instruction.

B. *Inclusion of Instructions over Plaintiff's Objection*

4

Plaintiff next argues reversible error due to the confusing, misleading, and/or prejudicial nature of the jury instructions as a whole, based on the Court's inclusion of three instructions over her objections, combined with its omission of her excessive force instruction. (Doc. No. 169 at 7–13.)

"A judgment may be reversed based upon an improper jury instruction only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *United States v. Ross*, 502 F.3d 521, 527 (6th Cir. 2007) (internal quotation marks omitted). Moreover, "[a]n instruction is not plainly erroneous unless there was an egregious error, one that directly leads to a miscarriage of justice." *United States v. Daniels*, 653 F.3d 399, 409 (6th Cir. 2011).

Plaintiff argues that Jury Instruction 17 was confusing, misleading, and prejudicial because it suggested the existence of a training program on cell extraction and positional asphyxia rather than allowing the jury to find, based on the evidence, that no such program was in place. (Doc. No. 169 at 8–9.) The Court finds, however, that the general language describing how the jury should focus on "the adequacy of the training program in relation to the tasks the particular correctional officers must perform," does not presume that a training program exists. A jury, taking the facts in evidence in this case could have determined that the lack of a training program amounted to its inadequacy in relation to the tasks the correctional officers in this case were required to perform. The wording of the instruction is generic, and the Court finds Plaintiff has not shown that the instruction contained an egregious error.

Plaintiff next argues that Jury Instruction 24 was inappropriate and prejudicial as it focused attention on the judgment of Defendants Doss and Horton, which Plaintiff argues was not at issue in this case, and raised the standard Plaintiff was required to meet to prove an Eighth Amendment violation. (*Id.* at 9–11.) Plaintiff's arguments regarding Jury Instruction 24 are also

5

unpersuasive, as she again uses Fourth Amendment legal standards to support her Eighth Amendment arguments. Specifically, Plaintiff's objection fails to account for the subjective element that is required for a finding of excessive force under the Eighth Amendment. While the Court recognizes that the standard for proving an Eighth Amendment excessive force claim is steep, the Court will not overturn a verdict because the jury instructions properly explained the deference due to Defendants.

Finally, Plaintiff argues Jury Instruction 25 was unduly prejudicial and confusing as the issue of personal liability was not at issue in this case and yet informing the jurors that Defendants Doss and Horton would be personally liable for damages could have made the jury more reluctant to find against them. (*Id.* at 11–13.) The Court also finds no reversible error in Jury Instruction 25, as it is a correct statement of law in this case, and does not contain any prejudicial, misleading, or misstated language. The Court finds Plaintiff's argument—that this instruction made it less likely the jury would find against Defendants Doss and Horton because jurors would be reluctant to want to impose compensatory damages against them personally—unpersuasive in light of the fact that the Court instructed the jury on nominal damages, thus giving the jury the option to find Defendants Doss and Horton liable to Plaintiff without requiring them to pay substantial damages.

The Court finds that, taken as a whole, the jury instructions were not misleading, confusing, or prejudicial. None of the instructions in Plaintiff's Motion erroneously stated the law, made improper assumptions, or removed from the jury's determination any issues of fact. As such, Plaintiff falls short of providing the necessary grounds for establishing the right to a new trial.

6

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

It is so ORDERED.

Entered this the  9th  day of October, 2013.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT