IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE LUNA, as Administratrix of the Estate of Charles Jason Toll, deceased, <br><br> Plaintiff, <br><br> v. <br><br><br><br> RICKY J. BELL, Warden of Riverbend Prison; GAELAN DOSS, Correctional Officer; and CAPTAIN JAMES HORTON, all individually, <br><br> Defendants. | <br><br><br><br><br> CASE: 3:11-0093 <br> JURY DEMAND <br> Judge Nixon <br> Magistrate Judge Knowles <br><br> **Oral Argument Requested** |

**PLAINTIFF'S OMNIBUS MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RULE 60(b) OMNIBUS MOTION FOR RELIEF FROM THE JUDGMENTS ENTERED IN FAVOR OF DEFENDANTS RICKY J. BELL, GAELAN DOSS, AND JAMES HORTON AND MOTION FOR RELIEF FROM ORDER DENYING NEW TRIAL**

Comes now the Plaintiff, Jane Luna, as Administratrix to the Estate of Charles Jason Toll, deceased, ("Plaintiff") by and through undersigned counsel, and submits this Omnibus Memorandum of Law in support of her Omnibus Rule 60(b) Motion for Relief from the Judgments Entered in Favor of Defendants Ricky J. Bell, Gaelan Doss, and James Horton and Motion for Relief from Order Denying New Trial.

## I. BACKGROUND

On February 2, 2011, Plaintiff filed a civil lawsuit, pursuant to 42 U.S.C. § 1983. Along with the Complaint, Plaintiff served Requests for Production of Documents on Defendants Ricky J. Bell and James Horton. Responses were provided by counsel for the Defendants on April 25, 2011. (See Exhibit 1). Material produced pursuant to the requests included the personnel file of

1

William T. Amonette. The material produced, purportedly from this personnel file, was Bates stamped 000179-000309. (See Exhibit 2). A jury trial was held August 13, 2013 through August 23, 2013, and a judgment in favor of Ricky J. Bell, Gaelan Doss and James Horton was entered August 26, 2013. Subsequent to trial and in the time prescribed by law, Plaintiff filed a Motion for New Trial pursuant to Federal Rule of Civil Procedure 59. An Order denying Plaintiff's Motion for New Trial was entered on October 9, 2013.

Pursuant to Federal Rule of Civil Procedure 60(b), a motion to set aside must be filed within a reasonable time or if seeking relief due to reasons (1), (2) and (3) of the Rule not more than one year after the judgment was entered which would be August 26, 2014. Accordingly, this motion is timely filed.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a judgment or order for specific reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)    the judgment is void;

(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.

Fed.R.Civ.P. 60(b). Granting relief pursuant to Fed.R.Civ.P. 60(b) is within the sole discretion of the court. *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.,* 536 F.2d 1115, 1119 (6th Cir.

1976). Further, the burden is on the movant to prove by clear and convincing evidence that relief should be granted. *Info-Hold, Inc. v. Sound Merch., Inc.,* 538 F.3d 448, 454 (6th Cir. 2008) *See Crehore v. United States*, 253 Fed.Appx. 547, 549 (6th Cir.2007) (unpublished) (citing *Jordan v. Paccar, Inc.*, No. 95–3478, 1996 WL 528950, at *9 (6th Cir. Sept.17, 1996)); *Ty Inc. v. Softbelly's, Inc*., 517 F.3d 494, 498 (7th Cir.2008).

### III. Discussion

On July 28, 2014, *The New York Times* ran a newspaper and online story regarding the case. (See Exhibit 3). In preparation for the story, the reporter issued a request for the personnel file of William T. Amonette. She reported about a resignation letter that was never produced by counsel for the Defendants in their written discovery responses. The Plaintiff called her attorneys to ask about the resignation letter. She was informed they never saw a resignation letter and that the personnel file of William T. Amonette had been provided in the discovery phase of trial preparation. Plaintiff contacted the Tennessee Department of Corrections and she received a reply email from Dorinda Carter, the Communications Director for the Tennessee Department of Corrections. On August 7, 2014, Neysa Taylor, the Public Information Officer with the Tennessee Department of Corrections provided Plaintiff the resignation letter by email attachment.

When newly discovered evidence is obtained, a party may succeed on a Rule 60(b)(2) motion if they can "demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998) citing *New Hampshire Ins. Co. v. Martech U.S.A., Inc.* 993 F.2d 1195, 1200-01 (5th Cir.1993). The law clearly establishes that any "newly discovered evidence must

3

pertain to evidence which existed at the time of trial." *Estate of Hickman v. Moore*, 502 Fed.Appx. 459 (2012). citing *Davis v. Jellico Cmty. Hosp., Inc.,* 915 F.2d 129, 136 (6th Cir.1990). Additionally, when requesting relief pursuant to Fed.R.Civ.P. 60(b)(3), the burden of proof is on the moving party to establish a showing "that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538F.3d 448, 456 (2008). citing *Jordan v. Paccar, Inc.*, 1996 WL 528950, at *5 (6th Cir. Sept. 17, 1996).

As noted above, counsel for Plaintiff submitted Requests for Production of Documents to Defendants Ricky J. Bell and James Horton on April 25, 2011. The first request asked for a copy of the personnel file of the Defendants, including William Amonette who was a co-defendant at the time. The fifth request asked for "all reports, memorandums, documents of any sort prepared by any employee of the State of Tennessee as pertains to the death of Mr. Toll including but not limited to reports of internal affairs whether maintained electronically or in written form." The sixth request asked for "all emails and other written communications which in any way pertained to the death of Mr. Toll from August 17, 2010 through date including but not limited to email traffic between the various defendants, supervisors, and any other employee of the Tennessee Department of Corrections or employee of the State of Tennessee. Included within this request that all backup computers or software be searched for relevant material pertinent to this question so as to acquire information which may have been deleted on regular servers or other computer processors or backup software."

On April 25, 2011, counsel for Defendants, Arthur Crownover, provided a letter enclosing the purported contents of William Amonette's personnel file and he signed a certification that all requested documents had been provided. (See Exhibit 4). As the Federal

4

Rules of Civil Procedure require a continuing duty to supplement discovery responses, Plaintiff's counsel did not inquire any further into the personnel file of any of the defendants after the initial request on February 2, 2011. The videotaped deposition of William Amonette took place on January 25, 2012. David Weissman, counsel for Plaintiff, asked Mr. Amonette about his reasoning for resigning from Riverbend. Mr. Amonette testified he had received a couple of write-ups that he did not feel were appropriate and he felt he was being treated unfairly. When questioned further as to why he felt he was being given a hard time, Mr. Amonette testified a rumor had been going around Riverbend that he had spoken with attorney David Raybin regarding the incident surrounding Jason Toll's death. Mr. Amonette denied ever speaking to Mr. Raybin. (Amonette Deposition, pp. 23-26). At the conclusion of Mr. Amonette's deposition, Mr. Weissman asked Mr. Amonette if he had given a resignation letter to Riverbend. Mr. Amonette responded in the affirmative and indicated he had submitted an eight page letter that should be in his personnel file. (*Id*. at p. 66, ll. 14-22).

The resignation letter from William Amonette was dated February 7, 2011, a period of five days after this lawsuit was filed and over two years prior to trial. (See Exhibit 5). It is material evidence that should have been produced. There is clearly no question as to the existence of Mr. Amonette's resignation letter prior to trial as evidenced by the date of the letter as well as Mr. Amonette's own deposition testimony. Mr. Amonette's resignation letter questions the investigation of the events surrounding Mr. Toll's death and the refusal of internal affairs to interview certain witnesses. It also alleges the falsification of not only his training records, but also those of other prison guards. Intent was an essential element of this trial; thus, credibility of the witnesses was of paramount importance. The contents of Mr. Amonette's resignation would have been an essential piece of evidence to assist in the preparation for trial

and for the jury in weighing credibility. This newly discovered evidence is vital material to the course of all discovery in this case to include the discovery depositions and the presentation of evidence to the jury during trial. If the letter had been produced prior to trial, as it should have been, it could have substantially affected the credibility of every defense witness who testified. (See Exhibit 6).

Plaintiff's counsel trusted that all material pursuant to the Rule 34 request had been provided; moreover, counsel proceeded with preparation for trial with the trust and reliance that all material pursuant to the request had been provided. (See Exhibits 7, 8, and 9). At no time prior to trial was the resignation produced to the Plaintiff. (See Exhibits 10 and 11)

On August 12, 2014, Ben Hall, a reporter with News Channel 5, ran a story regarding the newly discovered resignation letter. Mr. Hall did a Freedom of Information Request in which he obtained a copy of Mr. Amonette's resignation. In his update to the story on August 20, 2014, Mr. Hall, while albeit not under oath, references an email communication with Neysa Taylor where she states that the entire personnel file of Mr. Amonette had been given to the Attorney General's office. She indicated that the resignation letter was included in the personnel file provided to the Attorney General's office. (See Exhibit 12 ).

## IV. Conclusion

Based on the foregoing, Plaintiff's Rule 60(b) Omnibus Motion for Relief from the Judgments Entered in Favor of Defendants Ricky J. Bell, Gaelan Doss and James Horton and Motion for Relief from Order Denying New Trial should be granted. It is the plaintiff's position that the newly discovered evidence that was withheld would have changed the outcome of the trial in this civil action and that the judgments entered were manifestly unjust. Specifically, the judgments entered against the three defendants should be set aside and the Court should grant a

new trial based upon the newly discovered evidence obtained as well as fraud, misrepresentation, or misconduct by an opposing party.

Respectfully submitted,

/s/ David J. Weissman
**David L. Raybin (B.P.R. #3385)**
**David J. Weissman (B.P.R. #25188)**
HOLLINS, RAYBIN & WEISSMAN, P.C.
Fifth Third Center, Suite 2200
424 Church Street
Nashville, Tennessee 37219
(615) 256-6666
(615) 254-4254-fax
draybin@hwylaw.com
dweissman@hwylaw.com

**Jeff Roberts (B.P.R. #20263)**
**John Griffith (B.P. R. #19405)**
GRIFFITH & ROBERTS, PLLC
213 Fifth Avenue North, Suite 300
Nashville, Tennessee 37219
(615) 425-4400
(615) 425-4401-fax
jroberts@griffithroberts.com
jgriffith@griffithroberts.com

*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document through the Court's Electronic Filing System to:

ARTHUR CROWNOVER, II
PAMELA S. LORCH
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee 37202

On this 22nd day of August, 2014.

s/ David J. Weissman
David J. Weissman

7