IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE LUNA )
)
v. ) NO. 3-11-0093
) JUDGE CAMPBELL
RICKY J. BELL, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 256), Objections filed by the Plaintiff (Docket No. 259), and a Response to Objections filed by Defendants (Docket No. 260).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Response, and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved. Accordingly, Plaintiff's Renewed Motion for Sanctions (Docket No. 221) is DENIED.

A court may assess attorney fees against a party under the court's inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010).The imposition of sanctions under a court's inherent power requires a finding of bad faith or of conduct tantamount to bad faith. *Id*. Sanctions should not be meted out liberally and should apply only in especially egregious cases. *Malibu Media, LLC v. Doe*, 2016 WL 1242687 at * 2 (S.D. Ohio March 30, 2016).

The alleged bad faith behavior in this case is Defendants' failure to produce a resignation letter from former Defendant Amonette. It is undisputed that the letter should have been produced

in response to Plaintiff's discovery requests. As a result of the failure to produce this letter, Judge Nixon (to whom this case was previously assigned and before whom the case was tried) granted Plaintiff's Motion to Reopen the Case and Plaintiff's Motion for Relief from Judgments and from Order Denying Motion for New Trial.

In ruling on these Motions, Judge Nixon specifically stated that Plaintiff had not demonstrated by clear and convincing evidence that Defendants deliberately withheld the resignation letter. The Magistrate Judge found that Defendants and their counsel did not act in bad faith or take actions which are tantamount to bad faith.

Plaintiff complains that Judge Nixon's decision was made before Plaintiff obtained a Statement on the Record of Mr. Amonette and, therefore, he could not have considered that statement. The Statement on the Record of Mr. Amonette *was* a part of the record before the Magistrate Judge, however.

The Statement on the Record is essentially a deposition of Mr. Amonette, conducted without notice to Defendants or opportunity for them to cross-examine. Defendants correctly argue that a court must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees. *Chambers v. NASCO, Inc.*, 111 S.Ct. 2123, 2135 (1991). Although the Magistrate Judge denied Defendants' Motion to Strike this Statement (Docket No. 255), he denied it based on the fact that motions to strike are applicable only to pleadings. Nonetheless, the Magistrate Judge considered the Statement on the Record and still reached the decision that there was no bad faith.

The Court finds that there was no bad faith by Defendants in failing to produce the resignation letter. The Court will not discredit the testimony of Assistant Attorney General

Crownover, including his testimony that counsel did not realize the resignation letter had not already been included in the materials prepared and produced to Plaintiff. As did the Magistrate Judge, the Court finds that Defendants' counsel did not intentionally fail to produce the letter.

Moreover, Plaintiff's counsel knew about the resignation letter during the deposition of Mr. Amonette before the first trial. If the letter was not in the personnel file which was produced, Plaintiff could have requested it. Plaintiff was granted a new trial and will be able to offer testimony from Mr. Amonette at the re-trial of his case. Plaintiff's failure to request this letter did not preclude him from obtaining a new trial, but it does weigh against finding the extraordinary sanctions sought against Defendants.

This is not an "especially egregious" case to which sanctions should apply. Neither did Defendants act vexatiously, wantonly or for oppressive reasons. For these reasons, the Report and Recommendation (Docket No. 256) is adopted and approved, and Plaintiff's Renewed Motion for Sanctions (Docket No. 221) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE