IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JANE LUNA | ) | |
| | ) | |
| v. | ) | NO. 3-11-0093 |
| | ) | JUDGE TRAUGER |
| RICKY J. BELL, GAELAN DOSS, | ) | |
| and JAMES HORTON | ) | |

ORDER AND MEMORANDUM

Pending before the court is Defendants' Rule 54(b) Motion to Reconsider Order Vacating Jury Verdict (Docket No. 271). For the reasons stated herein, Defendants' Motion is DENIED.

INTRODUCTION

This case involves the death of Charles Toll, an inmate at Riverbend Maximum Security Prison, who died following a cell extraction on August 17, 2010. Plaintiff, Toll's mother, filed this action as Administratrix of his estate, alleging claims for excessive force and failure to train in violation of Mr. Toll's constitutional rights. The case was tried before a jury in August of 2013, and the jury returned a verdict for Defendants on all counts. Plaintiff's Motion for New Trial was denied by the then-presiding judge, Judge Nixon.

On August 22, 2014, Plaintiff filed a motion to reopen the case and for relief from the judgments entered in favor of the Defendants a year before. Judge Nixon granted that motion on February 11, 2015, finding that there was newly discovered material evidence that would have assisted the jury in weighing the credibility of defense witnesses, would have affected depositions in the case and the presentation of trial evidence, and most likely would have led the parties to other material evidence. Docket No. 187. Then Judge Nixon recused himself from the case.

The newly discovered evidence was a resignation letter of William Amonette, a correctional officer and former Defendant in this case.[1] Plaintiff claims that she and her counsel reasonably relied on the full production of documents from Defendants during the discovery phase of this litigation, but that letter was not produced. Defendants' attorneys have stated that they do not recall seeing this letter during discovery and that the letter is not in the original scanned copy of Mr. Amonette's personnel file.

In his order reopening the case, Judge Nixon found that Mr. Amonette's resignation letter should have been, but was not, produced during discovery. He also found that the letter brought to light new information about this case that "reasonably could not have been discovered in time to move for a new trial under Rule 59(b)." Docket No. 187.

The case was reassigned to Judge Campbell, and in April of 2015, Defendants filed a Motion for Reconsideration of Judge Nixon's Order reopening the case. Judge Campbell denied that motion, finding that Defendants had not shown that he should reconsider and disturb the law of the case as reflected in Judge Nixon's Order. Docket No. 198.

In January of 2017, more than a year later and after the case had been reassigned again, Defendants filed the pending, second Motion to Reconsider, asking the court to (1) withdraw Judge Nixon's previous Order, (2) deny Plaintiff's motion to reopen the case and for relief from the judgments, and (3) reinstate the jury verdicts. Docket No. 271. Plaintiff has filed a Response to this Motion (Docket No. 277).

---

[1] In this letter, Amonette alleged that he was treated poorly for asking questions about the witnesses in the Toll case and his training records were falsified. He claims that he was punished by officials at Riverbend for asking questions and trying to do what is right. Docket No. 175-5.

## STANDARD FOR RECONSIDERATION

Rule 54 (b) of the Federal Rules of Civil Procedure provides that any order that adjudicates fewer than all the claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Sixth Circuit Court of Appeals has held that Rule 54(b) is a proper procedural vehicle for bringing motions to reconsider interlocutory orders. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). Because the court granted a new trial, which is currently set for July 11, 2017, all the claims in this case have not been adjudicated. In other words, there is no entry of judgment in this case, so Judge Nixon's challenged order is interlocutory.

Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Rodriguez*, 89 Fed. Appx. at 959; *Reich v. Hall Holding Co., Inc.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998); *Tenn. Clean Water Network v. Tenn. Valley Authority*, 2016 WL 7491625 at * 2 (M.D. Tenn. Dec. 30, 2016). Defendants argue that, in this case, reconsideration is necessary to prevent a manifest injustice.

## ANALYSIS

As noted, Defendants have argued twice before - to Judge Nixon and then to Judge Campbell - that this case should not be reopened and that the jury verdicts should not be set aside. Defendants claim that the posture of this case today is much different than when Judge Nixon decided to set aside the jury verdicts and Judge Campbell made his ruling.

Defendants note that after Judge Campbell's ruling, Plaintiff filed a Motion for Sanctions against Defendants based upon the allegation that Defendants' counsel, willfully and in bad faith,

failed to produce the resignation letter of William Amonette before the jury trial. Noting that Judge Nixon had specifically stated that Plaintiff had *not* demonstrated by clear and convincing evidence that Defendants deliberately withheld the resignation letter, Judge Campbell (upon recommendation from the Magistrate Judge) denied Plaintiff's Motion for Sanctions. Judge Campbell found that there was no bad faith by Defendants in failing to produce the resignation letter and that Defendants' counsel did not intentionally fail to produce the letter. Docket No. 261.

Judge Campbell also stated:

Moreover, Plaintiff's counsel knew about the resignation letter during the deposition of Mr. Amonette before the first trial. If the letter was not in the personnel file which was produced, Plaintiff could have requested it. Plaintiff was granted a new trial and will be able to offer testimony from Mr. Amonette at the re-trial of [her] case. Plaintiff's failure to request this letter did not preclude [her] from obtaining a new trial but it does weigh against finding the extraordinary sanctions sought against Defendants.

Docket No. 261.

Judge Campbell, thus, found that Plaintiff could have requested this resignation letter, but he acknowledged that her failure to request the letter did not preclude her from obtaining a new trial, where she can present testimony from Mr. Amonette. The ruling on the motion for sanctions does not constitute a decision that Judge Nixon's Order was wrong.

Defendants also contend that a significant portion of Plaintiff's argument in asking for a new trial was the need for supplemental discovery. The deadline for supplemental discovery, November 30, 2016, has passed, and Defendants represent that Plaintiff has done no additional discovery. Therefore, Defendants contend, the basis for reopening the case is gone. This failure to seek additional discovery may be an impediment to Plaintiff's trial presentation, which is Plaintiff's problem, not Defendants'; but it does not mean that Judge Nixon's Order was incorrect.

4

Finally, Defendants argue that the posture of this case is changed because they have now filed a Motion for Summary Judgment.[2] Because that motion is totally separate from this one, the court will not address it herein.

CONCLUSION

For these reasons, Defendants' Rule 54(b) Motion to Reconsider Order Vacating Jury Verdict (Docket No. 271) is denied.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[2] Of course, the Motion for Summary Judgment would be moot if the court were to grant Defendants' Rule 54(b) Motion.

5